UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MARTIN PIOTR NOWAK,

                     Plaintiff,

        - against -

JP MORGAN CHASE BANK, N.A.,

                     Defendant.
----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

18-cv-4972 (BMC) (SJB)

**COGAN**, District Judge.

    Plaintiff *pro se* commenced this action based on his mortgage loan from defendant JPMorgan Chase Bank, N.A.[1] Aside from that, it is extremely difficult to tell for what misconduct he is suing. Chase does a better job at trying to distill plaintiff's theory than does plaintiff, but I am not at all sure that Chase's interpretation is entirely correct. If it is, then Chase is also correct that there is no remotely plausible claim for relief. If Chase's interpretation is not correct, then there is still no ascertainable claim for relief. Either way, Chase's motion to dismiss is granted.

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the Court must construe *pro se* pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and interpret them "to raise the strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470

---

[1] The Clerk is directed to amend the docket sheet to correctly reflect Chase's name as set forth in the caption above.

F.3d 471, 474 (2d Cir. 2006) (internal citation and emphasis omitted), a *pro se* complaint must still include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level … ." Twombly, 550 U.S. at 555. Although the Court must accept as true all the allegations contained in the complaint, that tenet "is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

What can be gleaned from the complaint is that plaintiff borrowed money from Chase, granting it a mortgage, and that plaintiff defaulted in May, 2018. The complaint alleges a breach of a supposed payoff agreement. (All of the referenced documents are annexed to the complaint or plaintiff's opposition to Chase's motion to dismiss.) There is no suggestion that Chase, at this stage at least, has commenced foreclosure proceedings, although it has served default notices.

Chase interprets the complaint and plaintiff's opposition to its motion as alleging that plaintiff attempted to modify or discharge his loan by showing up at Chase with certain documents that plaintiff had prepared or downloaded off the internet, perhaps from some "sovereign citizens" website. Those documents are as impenetrable as plaintiff's pleadings, but the point Chase makes is that there is no allegation that it ever signed these documents, so it really doesn't matter what they say – a borrower cannot modify or discharge a loan simply by showing up and presenting documents that he would like the lender to sign. Chase posits, not

without reason, that this action is actually a pre-emptive strike to somehow delay mortgage foreclosure proceedings when Chase brings them.

I read plaintiff's submissions somewhat differently than Chase, although my reading does not necessarily preclude Chase's interpretation, and I don't disagree with its assessment of plaintiff's motivation. Plaintiff may be suggesting that under his reading of the mortgage and/or mortgage note, Chase had an obligation to collect payment from him by showing up in person at his house, and when it didn't, that amounted to a discharge of the loan. If that's the theory then obviously it also has no validity. Plaintiff has submitted the actual mortgage note as part of his pleadings and as one would expect, there is no such strange tender requirement.

There is nothing close to a viable legal claim in these pleadings. The only issue is whether I should grant leave to amend. Leave to amend is, of course, the default procedure when a *pro se* complaint fails to state a claim. See generally Salahuddin v. Cuomo, 861 F.2d 40, 42-44 (1988). Although I am skeptical that plaintiff can state a claim, he will be given 20 days to try.

However, I am unable to point plaintiff in the direction he should proceed to file an amended complaint, as I usually do in *pro se* cases, as I am unable to discern what he is trying to get at. The most assistance I can give is to direct plaintiff to stop repeating that he is a man, not a corporation, because I know that and it is irrelevant; he should refrain from using labels like "trespass"; he should not refer to himself as the "prosecutor" and Chase as the "wrongdoer" because that just makes things confusing; and whatever he means by his oft-repeated request that the clerk of court "convert" this "altered business court complaint case back into a Common Law Court Record Trial By Jury" is meaningless. He may think he sounds like a lawyer in using this kind of language but no lawyer sounds like this complaint. Instead, plaintiff should just tell his

3

story of what happened here in plain English and say what he thinks Chase did that was wrong so that the Court can figure out if there is a plausible legal claim.

Chase's motion to dismiss [12] is therefore granted. Plaintiff may file an amended complaint within 20 days of the entry of this order. The amended complaint will completely replace the original complaint and so plaintiff should not rely on the original complaint in telling his story. If he does not file an amended complaint within the time allowed, this case will be dismissed.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 31, 2019