UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

MARTIN PIOTR NOWAK,

**MEMORANDUM
DECISION AND ORDER**

Plaintiff,

18-cv-4972 (BMC) (SJB)

- against -

JP MORGAN CHASE BANK, N.A.,

Defendant.

------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action based on his mortgage loan from defendant. This case is before me on defendant's second motion to dismiss, which is granted.

I previously granted defendant's first motion to dismiss plaintiff's complaint but since plaintiff is *pro se*, I granted him leave to amend. I noted that the complaint not only failed to state a claim but also failed to clearly explain what defendant allegedly did wrong. I directed plaintiff to explain his story of what happened in plain English in his amended complaint.

However, plaintiff's amended complaint is barely more comprehensible than the first complaint. Liberally construed, it appears that plaintiff claims that he attempted to modify or discharge a loan that defendant made to plaintiff by showing up at defendant's offices with documents that plaintiff had prepared or downloaded off the internet, but defendant refused to modify or discharge the loan. Plaintiff brings claims for breach of contract; fraud in the factum; "lack of jurisdiction to collect this debt as owner or holder in due course;" "financial

discrimination;" and violating the Racketeer Influenced and Corrupt Organizations Act

("RICO"). Plaintiff seeks a discharge of his debt and $5,200,000 in damages.

As I explained in my March 31, 2019 order granting defendant's prior motion to dismiss,

under Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although the Court must construe *pro se* pleadings liberally, see Erickson v. Pardus, 551 U.S.

89, 94 (2007), and interpret them "to raise the strongest arguments that they suggest," Triestman

v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and

emphasis omitted), a *pro se* complaint must still include "enough facts to state a claim to relief

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right

to relief above the speculative level … ." Twombly, 550 U.S. at 555. Although the Court must

accept as true all the allegations contained in the complaint, that tenet "is inapplicable to legal

conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Id.

Even liberally construed, none of plaintiff's federal claims withstand defendant's motion

to dismiss. First, to state a RICO claim, "a plaintiff must allege (1) conduct, (2) of an enterprise,

(3) through a pattern (4) of racketeering activity, as well as injury to business or property as a

result of the RICO violation." Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106,

119 (2d Cir. 2013) (internal quotation marks omitted). "The pattern of racketeering activity must

consist of two or more predicate acts of racketeering." Id. "Plaintiff's burden is high when

pleading RICO allegations." Spiteri v. Russo, 12-cv-2780, 2013 WL 4806960, at *45 (E.D.N.Y. Sept. 7, 2013).

Plaintiff has not met his burden here. He has not alleged facts showing that defendant entered into an enterprise or any engaged in a single act of racketeering. Plaintiff's RICO claim is therefore dismissed.

Second, plaintiff's claim for "financial discrimination," liberally read, may be a federal claim since plaintiff cites the Civil Rights Act (presumably, the Civil Rights Act of 1964) and various other federal statutes in the portion of his complaint dedicated to the financial discrimination claim. Regardless of whether a claim for financial discrimination would be actionable under any statute, plaintiff has not alleged any facts showing that defendants engaged in any kind of discrimination. Thus, plaintiff's claim for financial discrimination is dismissed.

Third, plaintiff's claim for "lack of jurisdiction to collect this debt as owner or holder in due course" may be liberally construed as a claim for a declaratory judgment that defendant does not have the right to collect a debt against plaintiff because defendant assigned the loan to an "investor real estate backed trust" that plaintiff references in the complaint. However, even when a lender commences foreclosure proceedings, a mortgagor cannot bring a declaratory action on the basis that the mortgage loan has been assigned when the mortgagor does not allege "that any entity other than defendants had demanded payments" and does not allege "any threat or institution of foreclosure proceedings against any plaintiff by any entity other than defendants." Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 85 (2d Cir. 2014).

Here, plaintiff has not alleged that any entity other than defendant has demanded payment or threatened or commenced foreclosure proceedings. Thus, whatever plaintiff means by "lack of jurisdiction to collect this debt as owner or holder in due course," the claim fails.

Having dismissed plaintiff's federal claims, the Court declines supplemental jurisdiction over the state claims.[1]  Under 28 U.S.C. § 1367(c), a district court may "decline to exercise supplemental jurisdiction over a claim" if the district court "has dismissed all claims over which it has original jurisdiction."  Indeed, the Supreme Court has directed that, except in unusual circumstances, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Dismissal of the state claims avoids "[n]eedless decisions of state law," which "should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  Id.

Here, the only remaining claims are claims for breach of contract and fraud "in the factum," which "involve fundamental issues of state law" that are distinct from any issues that plaintiff's federal claims raise.  See Rubinberg v. Hydronic Fabrications, Inc., 775 F. Supp. 56, 64 (E.D.N.Y. 1991) (internal citation omitted).  State courts regularly adjudicate claims for breach of contract and fraud, and there is no reason they cannot do so here.

Defendant's [24] motion to dismiss is granted.  Plaintiff's claims for breach of contract and fraud are dismissed without prejudice, but plaintiff's federal claims are dismissed with prejudice.  The Court has considered whether to grant plaintiff leave to bring a second amended complaint for the federal claims and, for the reasons above, denies leave to amend as futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  Plaintiff's [21] motion for a "settlement hearing" (whatever that is) – which plaintiff also styled as a "demand for default" – is also denied as moot.

---

[1] Because the Court declines supplemental jurisdiction over plaintiff's state claims, the Court need not and does not address defendant's argument that the Court should decline to exercise jurisdiction over these claims under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

The Clerk shall enter judgment accordingly, dismissing this case.  Although plaintiff paid

the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal from this order would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438,

444-45 (1962).

**SO ORDERED.**


<br>

_____
          U.S.D.J.


Dated: Brooklyn, New York
    August 14, 2019